ANTONIO COSME, Plaintiff and Appellant, *v.* JOSEFA SANTI-GONZÁLEZ, Defendant and Appellee.

No. 4263.—Argued November 30, 1927.—Decided February 21, 1928.

*R. Guillermety* for the appellant. *Monserrat & Monserrat* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Antonio Cosme brought an action against Josefa Santi to recover fifteen thousand dollars as damages suffered by him when a part of the wall of a house belonging to the defendant broke loose and fell on the head of the plaintiff while he was going along the sidewalk of Tanca street of San Juan where the house is situated.

The complaint having been filed, a motion was made for an attachment to secure the effectiveness of the judgment. On May 19, 1926, the court granted the attachment on security to the amount of three thousand dollars.

There then appears an order signed by the marshal and dated May 20, 1926, addressed to the registrar of property of San Juan for the attachment of house No. 16 Tanca street, followed by a notice of the plaintiff addressed to the marshal designating the said house as property of the defendant. There is a certificate of the marshal reading as follows:

"I certify:—That in compliance with the present writ of attachment in civil case No. 1446 and in accordance with the instructions given to the marshal by the attorney for the plaintiff, Rafael Guillermety, I proceeded to forward the writ to the registry of property of San Juan, Porto Rico, First Section, for the purpose of re-

cording in the books of his registry the attachment on the urban property described in said writ, a copy of which is attached to this return as a supplement and part thereof in the present case, it being stated therein that the attached property is liable only for the sum of five thousand dollars ($5,000) at which it is assessed. (Signed) Eduardo Urrutia, marshal, per Eugenio B. Gómez, deputy marshal."

What was done in the registry does not appear from the record. At this stage, the plaintiff filed a motion in the court setting forth that having been unable to summon the defendant personally because she was a resident of Duarca, Asturias, Spain, that is, outside the Island, the proper course was for the court to order her summons by publication. An affidavit was attached to the motion. The court granted the motion and the summons was published in *La Correspondencia de Puerto Rico*, a newspaper published in this city.

On August 7, 1926, the plaintiff moved to have the default of the defendant entered for failure to answer within the statutory time.

Without any showing as to whether or not the default was entered, there appears another motion of the plaintiff for including the case in the calendar and then a judgment rendered by the court on August 27, 1926, for the plaintiff and against the defendant for the sum of four thousand dollars.

On the 21st of the following September the defendant appeared by counsel and filed a motion "for the sole and single purpose of having the judgment set aside." It was alleged that the action was purely personal and that the court never acquired jurisdiction over the person of the defendant because she was never duly summoned.

The plaintiff objected and the issue was thus joined. Finally, on February 12, 1927, the court set aside its judgment of August 27, 1926, and all proceedings prior thereto relating to the summoning of the defendant by publication. The present appeal was taken by the plaintiff from that ruling of the court.

That the action is personal and that the defendant was residing outside of the Island are facts beyond discussion. This being the case, the following jurisprudence is applicable:

"It is a well-established principle that in a personal action, when the defendant resides outside the jurisdiction of the insular court, the summons cannot be made by publication; in such cases the publication of the summons cannot be considered as service thereof upon a defendant residing outside the Island, so as to have thereon a judgment rendered in a personal action; the service thus made and the mailing of a copy of the summons as prescribed by law do not give jurisdiction to the court." *Huete* v. *Teillard*, 17 P.R.R. 46.

It is true that there is the exception established in the well known case of *Pennoyer* v. *Neff*, 95 U. S. 714, reading as follows:

"Substituted service by publication, or in any other authorized form, is sufficient to inform a non-resident of the object of proceedings taken, where property is once brought under the control of the court by seizure or some equivalent act; but where the suit is brought to determine his personal rights and obligations, that is, where it is merely *in personam*, such service upon him is ineffectual for any purpose."

It is also true that the plaintiff sought to bring himself within the exception, but did he succeed?

We have stated the facts. The court granted the attachment; the plaintiff designated, by his counsel, a certain real property as belonging to the defendant and the marshal addressed his order to the registrar for the purpose of recording the attachment on the said property in compliance with the special law on the matter which says: "The attachment and order prohibiting the alienation of real property shall be recorded in the registry of property, the court notifying the defendant thereof . . . ." Sec. 9, Act to secure the effectiveness of judgments. Comp. 1911, sec. 5241.

Hence, the attachment can not be understood as levied until it is recorded in the registry of property and notice thereof is given to the defendant, and as it has not been

shown to the court in the present case that the attachment had even been recorded in the registry, it is clear that the court had not acquired jurisdiction of the matter and had no basis on which to order the summoning of the defendant by publication.

And it can not be said that it should be presumed that when the order was issued it became executed. A house may be recorded in the name of a person in the registry; a plaintiff may designate that house as property of the defendant and ask the marshal to attach it, and a marshal may issue the corresponding order to have the attachment recorded in the registry and, notwithstanding this, when the order reaches the registry it may be that the house is not recorded in the name of the defendant. In such case its record would be impossible. Therefore, it is necessary to show properly that the order of attachment had been executed, that the writ was effectual, that the attachment was a reality, before the court acts in order to make it effectual. Otherwise, the structure raised will fall, as in the present case, for want of support.

Having reached the foregoing conclusion, and it being sufficient to sustain the order appealed from, it is unnecessary to consider the other interesting questions argued by the parties in their briefs.

The appeal must be dismissed and the order appealed from affirmed.

Mr. Justice Texidor took no part in the decision of this case.